## D. LEGION BEDFORD v. THE STATE.

### No. 711.   Decided October 19, 1910.

**Forgery—Variance—Original Instrument.**

Where, upon trial of forgery of the description of a certain tract of land, the indictment alleged the letters "S. B. B." and the original instrument alleged to have been forged and which was introduced in evidence contained the letters "N. S. B. B.," the variance was fatal between the allegation and the proof.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery, his punishment being assesed at two years confinement in the penitentiary.

A variance between the allegations in the indictment setting out the instrument, and the original instrument is relied upon for a reversal. This is presented in different ways for adjudication. There are some bills of exception in the record and a request to the court to charge the jury to return a verdict of not guilty on account of a variance. The original instrument is sent up by order of the court for the inspection of this court and accompanies the record. The

indictment alleges that the instrument had in part the following description of a tract of land, to wit: "All of the large timber on the following described tract of land in the Germantown Survey of the John Austin 2 league grant on S. B. B. of which I am the owner in fee simple: Beginning at the S. W. Corner of Vincent Twine land, etc.," then follows a description of the land set out in the alleged forged instrument. The instrument purports to convey to appellant from one P. H. Ryan all the timber on this particular tract of land. The instrument describes the land as follows in the particular above mentioned: "All of the large timber on the following described tract of land in the Germantown Survey of the John Austin 2 league grant N. S. B. B. of which I am the owner in fee simple: Beginning at the S. W. corner, etc." The contention of the State is that what was claimed to be, in the original instrument, a capital N was intended for the word "on." But an inspection of the original instrument further, shows that where the capital N was used in further describing the land, as for instance, at the N. W. line, the N used in connection with the N. W. line is the same as the letter N used in connection with the letters N. S. B. B. in the matter discussed. We are of opinion that there is a variance and that the original contains the letters N. S. B. B. whereas the indictment only alleges the letters to be S. B. B. The instrument described in the indictment varies from the original instrument in the description of the land as stated and this variance is fatal.

The other questions we deem unnecessary to discuss in view of this decision.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*